**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STECKLER WAYNE & LOVE, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET M. LOWE; DANIEL H. LOWE; DAVID R. SMITH, P.C., individually; YONKE LAW, LLC, as joint venturer with David R. Smith, P.C.; MATTERHORN LLC; COMMERCIAL REPOSITION PARTNERS 17, LLC, as successor in interest to CROSSFIRST BANK; JOSEPH JACKSON, as the custodian of the account at EQUITY TRUST COMPANY,<br><br>Defendants. | Case No. |

## COMPLAINT FOR INTERPLEADER

Plaintiff Steckler Wayne & Love, PLLC ("Plaintiff"), and for its Interpleader Complaint, states as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this action under Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335 to determine the rightful ownership of property in which Plaintiff itself has no interest. After accounting for fees and expenses, the interpleaded property consists of rights, if any, to $3,830,591.91 (the "Settlement Proceeds") currently in Plaintiff's trust account. Plaintiff is merely the stakeholder of the Settlement Proceeds and wants to ensure access to the Settlement Proceeds is appropriately realized. For that reason, Plaintiff is initiating this action so that this Court can determine who is entitled to the Settlement Proceeds and in what amounts.

2.        Plaintiff has received competing claims from Defendants. Given the competing claims, this action will allow Plaintiff to determine how it should proceed.

3.        This proceeding is necessary to enable Plaintiff to obtain a binding discharge on all interested parties and eliminate the risk that Plaintiff would be subject to liability as a result of multiple interested parties and  inconsistent rulings in different forums.

4.        This interpleader action is also necessary to assess the respective claims asserted and determine the appropriate rights of the Defendants to the Settlement Proceeds in question.

**PARTIES**

5.        Plaintiff is a Texas professional limited liability company organized and existing under the laws of the State of Texas and all members of Plaintiff are citizens of the State of Texas.

6.        Defendant Margaret M. Lowe is a resident and citizen of the State of Kansas and may be served via her counsel, Christopher B. Wirken of the Wirken Law Firm, LLC, 411 Nichols Road, Kansas City, MO 64112.

7.        Defendant Daniel H. Lowe is a resident and citizen of the State of Kansas and may be served via his counsel of record, David R. Smith of David R. Smith P.C., 700 W. 47th Street, Suite 550, Kansas City, MO 64112.

8.        Defendant David R. Smith P.C. is a professional corporation organized under the laws of the State of Missouri and may be served via its registered agent, David Smith, at 700 W. 47th Street, Suite 550, Kansas City, MO 64112. For purposes of diversity of citizenship, Defendant David R. Smith, P.C. is a citizen of Missouri because it is incorporated in Missouri and its principal place of business is also in Missouri.

9.        Defendant Yonke Law, LLC is a limited liability company organized under the laws of the State of Missouri and may be served via its registered agent, Michael T. Yonke, at 1111

Main Street, Suite 700, Kansas City, MO 64105. For purposes of diversity of citizenship, Michael

T. Yonke is the sole organizer/manager of Yonke Law, LLC, and is a resident and citizen of the

State of Missouri.

10.     Defendant Matterhorn, LLC is a Nebraska limited liability company that can be

served via its registered agent, Gregory E. Sutton, at 4000 South 59th Street Court, Lincoln,

Nebraska 68506. For diversity of citizenship purposes and upon information and belief, all

members of Matterhorn, LLC, are residents and citizens of the State of Nebraska; thus, Matterhorn,

LLC is a citizen of Nebraska.

11.     Defendant Commercial Reposition Partners 17, LLC, is a Colorado limited liability

company that can be served via its registered agent, J. Kevin Ray, at 270 Saint Paul Street, Suite

200, Denver, Colorado 80206-5133. For diversity of citizenship purposes, J. Kevin Ray is the sole

manager of Commercial Reposition Partners 17, LLC, and is a resident and citizen of the State of

Colorado; thus, Defendant Commercial Reposition Partners 17, LLC is a citizen of Colorado.

12.     Defendant Joseph Jackson, as the holder of the IRA account, account number

200220533, at Equity Trust Company is a resident and citizen of the State of Kansas and may be

served via his counsel of record Christopher C. Miles of Husch Blackwell, 4801 Main Street, Suite

1000, Kansas City, MO 64112.

## JURISDICTION & VENUE

13.     The Court has subject matter jurisdiction over the claim asserted herein because

this is an interpleader claim brought under The Federal Interpleader Act, 28 U.S.C. § 1335.

Plaintiff has in its possession or custody Settlement Proceeds valued over $500. And, two or more

adverse claimants of diverse citizenship claiming entitlement to the Settlement Proceeds form the

basis of this action.

14.     The Court has personal jurisdiction over the parties under 28 U.S.C. § 1335.

15.     Venue is proper in the District of Kansas under 28 U.S.C. § 1397 because one or more of the claimants resides in this district.

## FACTUAL ALLEGATIONS

16.     Upon information and belief, on or about March 21, 2017, Defendant Margaret M. Lowe filed her Petition for Divorce against Defendant Daniel H. Lowe in the District Court of Johnson County, Kansas, Case No. 17CV01634.

17.     Upon information and belief, on or about October 25, 2017, the Johnson County court entered temporary orders which stated:

> Husband and Wife are both restrained and prohibited from altering, removing, selling, giving away, disposing, hiding, spending, mortgaging, pledging, or encumbering any assets, including withdrawals from checking, savings or other financial accounts, unless necessary for business purposes in the custom of past business practices, for personal expenses, for reasonable attorneys' fees and litigation expenses, in order to comply with this court's orders, or with written consent from both Husband and Wife. Husband shall be allowed to continue to move money for business transactions however he shall provide Wife with documentation for all major business transactions.

18.     Upon information and belief, on or about November 7, 2019, Defendant Daniel H. Lowe, and two businesses managed by him, Venture West Development, LLC ("VW") and Venture West II, LC ("VW II"), filed their Original Petition and Request for Disclosure in the District Court of Dallas County, Texas, Cause No. DC-19-17958 (the "Texas Red Litigation").

19.     Upon information and belief, on or about April 26, 2020, Defendant Daniel H. Lowe, VW, VW II, and Defendant Matterhorn, LLC, by Gregory E. Sutton as Manager, signed a document entitled Irrevocable Assignment of Proceeds and Note Extension, which purports to assign proceeds from the Texas Red Litigation to Defendant Matterhorn, LLC.

20.     Upon information and belief, also on or about April 26, 2020, Defendant Daniel H. Lowe, VW, VW II, and Sutton (on behalf of Defendant Matterhorn) signed a document referred to as the "Option Agreement to Control Litigation Against RED," which purports to grant Sutton and Matterhorn the option to make all decisions in connection with the Texas Red Litigation on behalf of Defendant Daniel H. Lowe, VW, and VW II.

21.     Upon information and belief, after original counsel for Defendant Daniel H. Lowe, VW, and VW II withdrew their representation for nonpayment of fees, Defendant Daniel H. Lowe, VW, and VW II then retained Defendants David R. Smith, P.C. and Yonke Law, LLC as joint venturers to serve as their primary counsel in the Texas Red Litigation.

22.     Upon information and belief, shortly thereafter, Defendant David R. Smith, P.C. introduced Defendant Daniel H. Lowe, VW, and VW II to Plaintiff [1] to serve as local counsel in the Texas Red Litigation. An attorney engagement agreement was entered into between them.

23.     Upon information and belief, on or about May 26, 2021, some portion of the potential proceeds from the Texas Red Litigation were contingently awarded to Defendant Margaret M. Lowe in the "Journal Entry and Decree of Divorce" entered by the Johnson County court. Upon information and belief, the "Journal Entry and Decree of Divorce" stated that, if Defendant Daniel H. Lowe failed to pay sums to Defendant Margaret M. Lowe, Defendant Margaret M. Lowe was awarded the net proceeds from the Texas Red Litigation after payment of attorney fees.

24.     Upon information and belief, Defendant Daniel H. Lowe never paid the sums owed to Defendant Margaret M. Lowe under the "Journal Entry and Decree of Divorce."

---

[1] At the time of the introduction, Plaintiff was named Steckler Wayne Cochran, PLLC.

25.     The Texas Red Litigation settled on or about September 21, 2023, with Settlement Proceeds of $4,100,000 subsequently paid into Plaintiff's trust account.

26.     On or about October 1, 2023, after the Texas Red Litigation settled, Matterhorn and Sutton, by and through their counsel, notified Plaintiff of the existence of the "Option Agreement to Control Litigation Against Red" and that Matterhorn and Sutton were exercising their right to control the Texas Red Litigation. Further, Matterhorn directed Plaintiff to pay and reimburse itself for the Texas Red Litigation expenses and to transfer the net Settlement Proceeds to the trust account of their lawyers, Morrow, Poppe, Watermeier & Lonowski, P.C.

27.     Matterhorn and Sutton did not order Plaintiff to pay any other attorney fees from the net Settlement Proceeds from the Texas Red Litigation.

### Other Assignments

28.     According to records provided in connection with this matter, Defendant Daniel H. Lowe, VW, and VW II made at least two other assignments.

29.     On or about May 12, 2020, Daniel H. Lowe, VW, VW II, and Defendant Joseph Jackson, as the custodian of the account, account number 200220533, at Equity Trust Company Custodian, signed a document entitled "Irrevocable Assignment of Proceeds," which purports to assign proceeds from the Texas Red Litigation to Defendant Joseph Jackson, as a lender.

30.     On or about September 23, 2021, Daniel H. Lowe, VW, VW II, and Crossfirst Bank signed a document entitled, "Assignment of Proceeds of Litigation," which purported to assign to Crossfirst Bank the proceeds from the Texas Red Litigation.

31.     According to counsel for Commercial Reposition Partners 17, LLC, it is entitled to the Settlement Proceeds from the Texas Red Litigation as the successor in interest to Crossfirst Bank.

**Procedural Considerations**

32.     Upon information and belief, on or about October 2, 2023, the Johnson County court entered an order directing Plaintiff to wire the net Settlement Proceeds after its fees into the trust account of David R. Smith, P.C., and directed David R. Smith, P.C. to pay the Settlement Proceeds into the registry of the Johnson County court under the marital case, Case No. 17CV01634.

33.     On October 3, 2023, David R. Smith, P.C. filed a Third-Party Petition for Interpleader in the Johnson County action, seeking an order requiring Plaintiff to deposit the Settlement Proceeds into the registry of the court.

34.     David R. Smith, P.C. does not have standing to file its interpleader petition in the Johnson County action because it was never in possession, custody, or control of the disputed Settlement Proceeds.

35.     Further, at no time was Plaintiff ever before the Johnson County court.

36.     Relief could not be afforded in the Johnson County court because neither Plaintiff nor all Defendants were willing to waive jurisdiction.

37.     As made obvious by this Complaint for Interpleader, Plaintiff wants to pay the proceeds into this Court so all claimants may be joined to make their claim to the Settlement Proceeds from the Texas Red Litigation currently held in Plaintiff's trust account.

38.      Plaintiff is a mere stakeholder and does not claim an interest in the Settlement Proceeds from the Texas Red Litigation.

39.     Plaintiff does not know which of the named Defendants, if any, are the proper recipient(s) of the Settlement Proceeds held in Plaintiff's trust account. Consequently, Plaintiff

7

cannot pay any part of the Settlement Proceeds to any single defendant without being subject to a possible adverse claim from one or more Defendants.

40.     Moreover, Plaintiff cannot assess the validity of the various known assignments made by Defendant Daniel H. Lowe, VW, and VW II.

WHEREFORE, Plaintiff Steckler Wayne & Love, PLLC prays for orders of the Court:

(a) Authorizing and directing it to pay the total amount of the Settlement Proceeds from the Texas Red Litigation held in its trust account $3,830,591.91 into the registry of the Clerk of the United States District Court for the District of Kansas;

(b) Discharging Plaintiff from any and all further liability to any Defendant or Defendants named in this action, or to any other person, party, or entity, known or unknown, making a claim to the Settlement Proceeds;

(c) Prohibiting Defendants herein from instituting separate actions against Plaintiff arising out of claims to the Settlement Proceeds or any related actions or issues in light of the present Interpleader; and

(d) Requiring the Defendants to interplead and settle among themselves their respective rights, if any, to the Settlement Proceeds;

(e) Determining the rights of the respective Defendants herein to the Settlement Proceeds paid into the registry of the Court and entering judgment in favor of the party or parties entitled thereto; and

(f) Awarding Plaintiff its costs, expenses, and attorneys' fees.

**DESIGNATION OF PLACE OF TRIAL**

According to D. Kan. Rule 40.2, Plaintiff requests Kansas City, Kansas, as the place of trial.

**KENNYHERTZ PERRY, LLC**

*/s/  Braden M. Perry*
Braden M. Perry, KS. Bar # 21022
Katy L. Houchin, KS. Bar # 28259
Kennyhertz Perry, LLC
2000 Shawnee Mission Parkway, Ste. 210
Mission Woods, KS 66205
Phone: 816-527-9447
Fax: 855-844-2914
braden@kennyhertzperry.com
katy.houchin@kennyhertzperry.com

**Attorneys for Plaintiff**
**Steckler Wayne & Love, PLLC**

9