IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STECKLER WAYNE & LOVE, PLLC,    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | CIVIL ACTION |
| v.    ) | |
| ) | No. 23-2486-KHV |
| MARGARET M. LOWE, DANIEL H.    ) | |
| LOWE, DAVID R. SMITH, P.C., individually,    ) | |
| YONKE LAW, LLC, as joint venturer with    ) | |
| David R. Smith, P.C., MATTERHORN, LLC,    ) | |
| COMMERCIAL REPOSITION PARTNERS    ) | |
| 17, LLC, as successor in interest to    ) | |
| CROSSFIRST BANK, JOSEPH JACKSON,    ) | |
| as the custodian of the account at EQUITY    ) | |
| TRUST COMPANY,    ) | |
| ) | |
| **Defendants.**    ) | |

**MEMORANDUM AND ORDER**

On November 3, 2023, plaintiff filed suit under Rule 22, Fed. R. Civ. P., and the Federal Interpleader Act, 28 U.S.C. § 1335, to determine rightful ownership of settlement funds held in plaintiff's trust account. See Complaint For Interpleader (Doc. #1). This matter comes before the Court on Defendant Margaret Lowe's Motion To Direct Funds To Johnson County, District Court And Stay/Dismiss Interpleader (Doc. #37) filed February 9, 2024 and David R. Smith, P.C., Yonke Law, LLC, And Daniel H. Lowe's Joint Motion To Dismiss Or Stay For Lack Of Subject Matter Jurisdiction (Doc. #56) filed February 27, 2024.[1] For reasons stated below, the Court sustains defendants' motions to dismiss.

---

[1] Plaintiff did not respond to defendants' Joint Motion To Dismiss (Doc. #56). Pursuant to District of Kansas Local Rule 7.1(c), the Court considers and decides this motion as uncontested. Nevertheless, the Court incorporates plaintiff's arguments raised in opposition to Defendant Margaret Lowe's Motion To Dismiss (Doc. #37), which raises substantially the same issues.

**Legal Standard**

Defendants seek to dismiss plaintiff's interpleader action pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction.[2]

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, the law imposes a presumption against jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). In a facial challenge to subject matter jurisdiction, the Court must accept the allegations of the

---

[2]  Defendants David R. Smith, P.C., Yonke Law, LLC and Daniel H. Lowe specifically invoke Rule 12(b)(1), Fed. R. Civ. P., as the basis for their joint motion to dismiss. Defendant Margaret M. Lowe does not specify under which grounds she brings her motion. Nevertheless, because she repeatedly argues that the District Court of Johnson County, Kansas has exclusive jurisdiction over this matter, the Court construes her motion as a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

complaint as true and may not consider evidence outside the complaint. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). By contrast, if defendants lodge a factual attack, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." Holt, 46 F.3d at 1002. Courts have wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). See id.

**Factual Background**

Plaintiff's complaint alleges as follows:

**I.     The Texas Red Litigation**

On November 9, 2019, Daniel H. Lowe, and two businesses which he managed, Venture West Development, LLC, and Venture West II, LC (together, the "Texas Red Plaintiffs"), filed suit in the District Court of Dallas County, Texas, No. DC-19-17958 (the "Texas Red Litigation").[3]

The Texas Red Plaintiffs retained David R. Smith, P.C., a Missouri professional corporation, and Yonke Law, LLC, a Missouri limited liability company, to serve as their primary counsel in the Texas Red Litigation. They also retained plaintiff, a Texas professional limited liability company, as local counsel.

Between April of 2020 and September of 2021, while the Texas Red Litigation took its course through Texas state court, the Texas Red Plaintiffs assigned the proceeds from the Texas Red Litigation to three defendants in the present case: (1) Matterhorn LLC, a Nebraska limited liability company, (2) Joseph Jackson, a citizen of Kansas and custodian of account number 200220533 at Equity Trust Company and (3) Commercial Reposition Partners 17, LLC, a

---

[3]     Plaintiff's complaint does not identify the defendant(s) in the Texas Red Litigation.

Colorado limited liability company.[4]  On April 26, 2020, the Texas Red Plaintiffs granted Matterhorn and its manager, Gregory E. Sutton, control of all decisions connected with the suit.

On September 21, 2023, the Texas Red Litigation settled, and the defendant(s) paid $4,100,000 ("the settlement proceeds") into plaintiff's trust account in Texas.

On October 1, 2023, Matterhorn and Sutton notified plaintiff that they wished to exercise their right to control the Texas Red Litigation and directed plaintiff to transfer the settlement proceeds into the trust account of Matterhorn's lawyers.  Plaintiff did not transfer the funds.

## II.   The Johnson County Divorce Proceedings

Before the Texas Red Litigation began, on March 21, 2017, in the District Court of Johnson County, Kansas, No. 17CV01634, Margaret M. Lowe filed a petition for divorce against Daniel H. Lowe.  The Lowes are both Kansas residents.

On May 26, 2021, the Johnson County court contingently awarded a portion of the potential proceeds from the Texas Red Litigation to Mrs. Lowe.  Specifically, the journal entry and decree of divorce stated that if Mr. Lowe failed to pay designated sums to his wife, he must pay the net proceeds from the Texas Red Litigation to her.  Mr. Lowe never paid her the sums owed under the journal entry and decree of divorce.

On October 2, 2023, the Johnson County district court directed plaintiff to transfer the settlement proceeds into the trust account of David R. Smith, P.C.,[5] then directed David R. Smith, P.C. to transfer the funds as marital property into the registry of the Johnson County court.  David

---

[4]   The Texas Red Plaintiffs entered into the third assignment with Crossfirst Bank. Plaintiff alleges, and defendant does not dispute, that Crossfirst Bank's successor in interest is Commercial Reposition Partners 17, LLC.

[5]   Plaintiff did not deposit the settlement funds into the registry of the Johnson County court or explain why it did not transfer the settlement funds to David R. Smith P.C.

R. Smith, P.C. never had possession, custody or control of the proceeds, but the next day, it filed a third-party petition for interpleader in the Johnson County court action.[6]  Plaintiff did not agree to waive jurisdiction to become a party to the divorce proceeding, and neither did all defendants.

On November 3, 2023, plaintiff filed this suit under Rule 22 and the Federal Interpleader Act to join all claimants to the settlement proceeds.  See Complaint (Doc. #1).  Plaintiff claims no interest in the settlement proceeds of the Texas Red Litigation.  On January 9, 2024, the Court granted plaintiff's motion to deposit funds and ordered plaintiff to pay $3,830,591.91 into the registry of the Court.  See Order Allowing Deposit Of Funds With The Court (Doc. #21).  On January 11, 2024, plaintiff deposited the funds.

On February 9, 2024, Mrs. Lowe filed a motion to dismiss or stay these proceedings and asked the Court direct the funds back to the Johnson County court registry.  See Defendant Margaret Lowe's Motion To Dismiss (Doc. #37).  On February 27, 2024, Mr. Lowe, David R. Smith, P.C. and Yonke Law also filed a motion to dismiss for lack of subject matter jurisdiction. See Joint Motion To Dismiss (Doc. #56).

**Analysis**

Through their separate motions, defendants argue that the Johnson County court has exclusive jurisdiction over the settlement funds and accordingly, this Court cannot exercise subject matter jurisdiction over the interpleader claim.  Specifically, defendants assert that the doctrine of prior exclusive jurisdiction and the abstention doctrines prohibit the Court from exercising

---

[6] In support of their Joint Motion To Dismiss (Doc. #56), defendants attach the docket sheet for the Lowe's divorce proceeding.  From this exhibit, it appears that the Johnson County court has taken no action on David R. Smith P.C.'s third-party petition.  See Johnson County Docket Sheet (Doc. #58-8) filed February 27, 2024 at 1.

jurisdiction.[7]

Plaintiff argues that the Court should overrule defendants' motions because (1) the Court has original subject matter jurisdiction over the interpleader claim pursuant to 28 U.S.C. § 1335,[8] (2) the settlement proceeds were never located in Kansas and therefore the Johnson County court cannot exercise in rem or quasi in rem jurisdiction and (3) the Johnson County court does not have personal jurisdiction over plaintiff or defendants Matterhorn, Commercial Reposition Partners 17 or Joseph Jackson.  Along with plaintiff, defendant Matterhorn also opposes dismissal, asserting the same arguments as plaintiff.  In addition, Matterhorn argues that as a practical matter, the Court should adjudicate this claim because plaintiff already deposited the settlement funds and all interested parties are present.

## I.     Doctrine Of Prior Exclusive Jurisdiction

Defendants argue that the doctrine of prior exclusive jurisdiction bars the Court from exercising subject matter jurisdiction over plaintiff's interpleader claim.

---

[7]     Defendant Margaret Lowe's Response To Plaintiff's Opposition (To Doc. 34 & 37) (Doc. #62) filed March 1, 2024 at 5, also asserts that the Rooker-Feldman doctrine prohibits the Court from exercising jurisdiction.  Ordinarily, the Court will not consider arguments first raised in a reply brief.  Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011).  Even so, the Rooker-Feldman doctrine does not apply to the factual circumstances of the case.

The Rooker-Feldman doctrine prohibits a federal court from reviewing state-court judgments and claims that are inextricably intertwined with a state court judgment.  See Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983).  The doctrine does not apply to plaintiff's claims, however, because the divorce proceedings in Johnson County are ongoing.  Because the Johnson County court has not entered judgment regarding the settlement proceeds, this doctrine does not bar the Court from exercising jurisdiction.

[8]     The parties do not dispute that the Court has jurisdiction under the Federal Interpleader Act, which requires (1) an amount in controversy over $500; (2) two or more adverse claimants of diverse citizenship who claim or may claim rights to money or property; and (3) deposit of money or property into the registry of the Court.  See 28 U.S.C. § 1335.  The Court has independently analyzed these requirements and finds it may exercise jurisdiction under Section 1335.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). However, "[w]hen the same parties are involved in litigation that is *in rem* or *quasi in rem*, the court where the last suit was filed must yield jurisdiction." Cassity v. Pitts, 995 F.2d 1009, 1012 (10th Cir. 1993) (citing Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939)) (emphasis in original).

The doctrine of prior exclusive jurisdiction does not apply here because this suit does not involve the same parties as the divorce action in Johnson County and is neither in rem nor quasi in rem.[9]  See New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 521 (1916) (interpleader actions are in personam). Accordingly, this doctrine does not prohibit the Court from exercising subject matter jurisdiction over plaintiff's interpleader claim.

## II.  Abstention

Defendants argue that even if the Court can exercise jurisdiction over plaintiff's interpleader claim, it should abstain from doing so in favor of the Johnson County court. The Court agrees. Despite the "virtually unflagging obligation" of federal courts to exercise the jurisdiction granted them, there are limited circumstances under which a court should decline to adjudicate certain claims. See Colo. River, 424 U.S. at 817.

---

[9] Plaintiff alleges that it is not a party to the Johnson County case, and that it brought this suit because it and some defendants would not consent to jurisdiction in that court. Complaint (Doc. #1), ¶¶ 35–37. According to the Johnson County Docket Sheet (Doc. #58-8), on October 19, 2023, the Johnson County court added plaintiff, Mrs. Lowe, Sutton, Matterhorn and David R. Smith P.C. as defendants to the divorce proceeding. Johnson County Docket Sheet (Doc. #58-8) at 1. On November 1, 2023, Katy Lynn Houchin entered her appearance on behalf of plaintiff. Id. Thus, it is completely unclear whether plaintiff is a party to the divorce proceeding. Even so, Yonke Law, Commercial Reposition Partners 17 and Jackson are not defendants in that suit, and therefore the two cases do not involve the same parties.

A.      Colorado River Doctrine

A federal court may stay or dismiss a pending lawsuit based on parallel state court proceedings.  Id.; D.A. Osguthorpe Family P'ship v. ASC Utah, Inc., 705 F.3d 1223, 1233 (10th Cir. 2013).  The Tenth Circuit considers federal and state lawsuits "parallel" when they (1) involve substantially the same parties and (2) litigate substantially the same issues.  Allen v. Bd. of Educ., Unified Sch. Dist. 436, 68 F.3d 401, 403 (10th Cir. 1995).  Even if plaintiff includes additional defendants in the federal suit, the Colorado River doctrine applies when the parties are "so closely affiliated" and with similar interests in the litigation to be considered "substantially the same." Foxfield Villa Assocs., LLC v. Regnier, 918 F. Supp. 2d 1192, 1197 (D. Kan. 2013). The Court must analyze the state proceedings "*as they actually exist* to determine whether they are parallel to the federal proceedings."  Fox v. Maulding, 16 F.3d 1079, 1082 (10th Cir. 1994) (emphasis in original).

This doctrine does not bar the Court from exercising jurisdiction because the two lawsuits do not involve substantially the same parties.  See Foxfield Villa Assocs., 918 F. Supp. 2d at 1197 (corporation, holding company and board of directors are "so closely affiliated" that doctrine applies).  The additional defendants present in this suit are not closely affiliated entities and have competing claims to the settlement proceeds.  Thus, the parties are not substantially the same.

B.      Younger Abstention

Under Younger v. Harris, federal courts should not interfere with state court proceedings by granting equitable relief when the state forum provides an adequate avenue for relief.  Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of State of Utah, 240 F.3d 871, 875 (10th Cir. 2001); see also Younger v. Harris, 401 U.S. 37, 54 (1971).  Federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state criminal, civil or administrative

proceeding, (2) the state court provides an adequate forum to hear claims raised in the federal complaint and (3) the state proceedings involve important state interests. Winn v. Cook, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006)). Here, all three requirements are satisfied.

1. Ongoing Proceeding

As to the first factor, the parties do not dispute that the divorce proceeding is ongoing in the District Court of Johnson County, Kansas.

2. Adequate State Forum

As to the second factor, "unless state law clearly bars the interposition of the federal statutory and constitutional claims," plaintiff typically has "an adequate opportunity to raise federal claims in state court." Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003) (brackets and internal quotation marks omitted). Younger requires the availability of an adequate state-court forum, not a favorable result in the state forum. See Moore v. Sims, 442 U.S. 415, 430 (1979) (adequate forum exists when state law poses no procedural barriers). Plaintiff bears the burden of proving that it cannot present its claims in state court. J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1292 (10th Cir. 1999).

Plaintiff argues that the state does not provide an adequate forum because (1) the state court cannot exercise in rem, quasi in rem or personal jurisdiction and (2) if plaintiff had interpleaded the funds into that court, it would be subject to "a multiplicity of suits by those claimants to the Settlement Proceeds unwilling to voluntarily intervene in the divorce action." Plaintiff Steckler Wayne & Love, PLLC's Opposition To Defendant Margaret Lowe's Suggestions Regarding Plaintiff's Motion For Discharge, For Entry of Permanent Injunction, And Attorneys' Fees And Expenses (Doc. 34) And Defendant Margaret Lowe's Motion To Direct Funds To Johnson County,

District Court And Stay/Dismiss Interpleader (Doc. 37) (Doc. #49) filed February 20, 2024 at 2, 8.[10]

          a.      Jurisdiction Of Johnson County Court

Plaintiff argues that the Johnson County court lacks jurisdiction over both the settlement proceeds and all parties, and therefore it is an inadequate forum. For a Kansas state court to enter a valid judgment, it must have jurisdiction over both the subject matter and the parties. See In re Est. of Heiman, 44 Kan. App. 2d 764, 241 P.3d 161, 163 (2010) (subject matter jurisdiction); Matter of Marriage of Gerleman, 56 Kan. App. 2d 578, 435 P.3d 552, 557 (2018) (personal jurisdiction). Thus, if jurisdiction is lacking in the state court, it cannot provide an adequate forum for relief.

Turning first to subject matter jurisdiction, district courts are courts of general jurisdiction under Kansas law. See K.S.A. § 20–301. Plaintiff does not argue that the Johnson County court could not entertain his interpleader claim as to the settlement proceeds; plaintiff instead focuses on the fact that this Court has original jurisdiction under Section 1355. The fact that this Court also has subject matter jurisdiction does not divest Johnson County of its jurisdiction. Accordingly, plaintiff has not shown that state court is inadequate for lack of subject matter jurisdiction.

Plaintiff also argues that the Johnson County court lacks in rem, quasi in rem and personal jurisdiction over all defendants, and those defendants will not consent to jurisdiction. Interpleader

---

[10] Matterhorn raises the same jurisdictional arguments and fears about multiple suits, and further states that Congress designed the Federal Interpleader Act to protect against the type of "piecemeal litigation" that would result here if the Court dismissed plaintiff's claim. Defendant Matterhorn LLC's Opposition To Defendants David R. Smith, P.C., Yonke Law, LLC, And Daniel H. Lowe's Joint Motion To Dismiss Or Stay For Lack Of Subject Matter Jurisdiction (Doc. #65) filed March 19, 2024.

actions are in personam, however, not in rem.  See New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 521 (1916).[11]  Accordingly, the jurisdictional question is whether the court has authority to determine rights to the property as between the parties, not whether the court has authority over the property itself.

Kansas courts complete a two-step analysis to determine whether they may exercise personal jurisdiction.  Mr. Cinnamon of Kansas, Inc. v. Hall, 41 Kan. App. 2d 457, 202 P.3d 734, 739 (2009).  First, the state court considers whether jurisdiction exists under the Kansas long-arm statute, K.S.A. § 60–308(b).  Id.  Second, if a ground for jurisdiction exists under the long-arm statute, the court determines whether the exercise of personal jurisdiction would comport with the due process requirements of the Fourteenth Amendment to the United States Constitution.  Id.

Throughout its complaint and response to the motions to dismiss, plaintiff maintains that the Johnson County court does not have personal jurisdiction over all parties.  Plaintiff provides no explanation for this assertion and does not cite any Kansas statute or case law in support.  The record contains no indication that the Kansas state courts have tested the existence of personal jurisdiction because plaintiff has not attempted to assert its interpleader claim there.  See Fisher v.

---

[11]  Plaintiff argues that the Johnson County court could not exercise in rem or quasi in rem jurisdiction because the settlement funds were never located in the state. "An action in rem is one founded upon the rights in or to property" and "affect[s] the interests of all persons in [that] property."  Tooele Cnty. v. United States, 820 F.3d 1183, 1188 (10th Cir. 2016) (internal quotations omitted).  Essentially, for purposes of personal jurisdiction, the property serves to establish minimum contacts necessary for the court to assert jurisdiction; the exercise of in rem jurisdiction is limited to the property, however, and courts cannot impose liability on the property owners.  Shaffer v. Heitner, 433 U.S. 186, 199 (1977).

While plaintiff correctly recites the law governing in rem actions, it fails to account for the fact that interpleader actions are in personam, so the action adjudicates the "rights and obligations of individual persons or entities."  Pennoyer v. Neff, 95 U.S. 714, 727 (1877); New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 521 (1916).  Thus, plaintiff's arguments regarding the contours of in rem and quasi in rem jurisdiction are not helpful in evaluating whether the state forum provides an adequate forum for relief.

Lynch, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) ("Where a federal plaintiff has not attempted to present his federal claims in related state court proceedings, 'a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)).

Further, without knowing the citizenship of defendants or their contacts with Kansas, the Court cannot speculate whether Johnson County has personal jurisdiction over the out-of-state defendants. At best, plaintiff presents a hypothetical question whether jurisdiction would exist. See J.B. ex rel. Hart, 186 F.3d at 1292 ("[W]e are less certain about whether [plaintiffs] could have adequately raised their federal statutory and constitutional claims in these state proceedings. This uncertainty, however, militates in favor of abstention."). Moreover, plaintiff provides no explanation why defendants could not have intervened in the Johnson County action if they claimed rights to the settlement proceeds. Based on its undeveloped and conclusory statements that the Johnson County court lacks personal jurisdiction over defendants, plaintiff has not met its burden to establish that the state court is an inadequate forum.

b. Multiplicity Of Suits

Plaintiff argues that dismissing this federal interpleader action would open it up to "a multiplicity of suits" in Johnson County. Plaintiff Steckler Wayne & Love, PLLC's Opposition To Defendant Margaret Lowe's Motion (Doc. #49) at 8.

One purpose of the Federal Interpleader Act is to provide a federal forum for multiple claimants to a single fund in circumstances where the state may not be able to obtain jurisdiction over all parties. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia, 311 F. Supp. 149, 153 (S.D.N.Y. 1970); Acuity v. Rex, LLC, 929 F.3d 995, 1001 (8th Cir. 2019). Plaintiff has not met its burden, however, of establishing that the state court could not adjudicate this controversy. If

the Johnson County court can exercise jurisdiction, plaintiff's fear of a "multiplicity of suits" is unfounded. Further, the convenience or ease of litigating in state court is not a factor in the Court's consideration whether an adequate state forum exists. Plaintiff has failed to establish that Johnson County is an inadequate forum.

For all these reasons, the Court finds that an adequate state forum exists and therefore this factor is satisfied.

### 3. Important State Interest

As to the third factor, proceedings involve important state interests when they concern "matters which traditionally look to state law for their resolution or implicate separately articulated state policies." Winn, 945 F.3d at 1258. Courts measure the importance of an implicated state interest by "considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case." Baffert v. California Horse Racing Bd., 332 F.3d 613, 618 (9th Cir. 2003).

The state proceedings at issue here are divorce proceedings. Divorce, and the allocation of property incident to a divorce, are longstanding local functions of state law. Ankenbrandt v. Richards, 504 U.S. 689, 706 (1992). Indeed, the State of Kansas maintains an interest in determining the validity of its courts' orders, including those in the realm of domestic relations issues. Fisher, 531 F. Supp. 2d at 1267; see also Steffens v. Steffens, 955 F. Supp. 101, 104 n.4 (D. Colo. 1997) (Supreme Court has emphasized importance to states of enforcing orders and judgments of their courts). Accordingly, a federal court presented with domestic relations issues or issues "on the verge" of being matrimonial in nature, such as divorce and related property distribution, should abstain from exercising jurisdiction. See Wideman v. Colorado, 242 F. App'x 611, 614 (10th Cir. 2007) (claims related to custody dispute implicate important state interest);

Friends of Children, Inc. v. Matava, 766 F.2d 35, 37 (1st Cir. 1985) (abstention appropriate when family law at issue); Am. Airlines, Inc. v. Block, 905 F.2d 12, 15 (2d Cir. 1990) (abstention appropriate in interpleader case concerning distribution of spousal maintenance funds); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (court should abstain when claim implicates domestic relations "at its core").[12]

At its core, this case relates to division of marital property and claimants to said property.[13] The journal entry and decree of divorce stated that if Mr. Lowe failed to pay designated sums to Mrs. Lowe, he must pay the settlement proceeds to her. Mrs. Lowe argues that as part of the marital estate, these funds affect her maintenance, support and property rights, as well as Mr. Lowe's support payments to the Lowe children. It is not this Court's role to enforce the Johnson County divorce decree or enforce Mr. Lowe's compliance with it. A federal interpleader action is not the appropriate procedural device to resolve ownership rights in these settlement funds, even if all other jurisdictional requirements are met. Accordingly, this factor is satisfied.

Where the three requirements of Younger are satisfied, the Court must abstain unless extraordinary circumstances exist. Amanatullah v. Colorado Bd. of Med. Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999). Extraordinary circumstances include circumstances where the state

---

[12] The Court notes that the domestic relations exception and Younger abstention represent distinct bases of dismissal. Ankenbrandt, 504 U.S. at 704 (finding domestic relations exception inapplicable and proceeding to abstention question). The domestic relations exception concerns subject matter jurisdiction and "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in diversity cases. Id. at 703. Because plaintiff bases jurisdiction on the Federal Interpleader Act, and not on diversity, the "domestic relations exception" to subject matter jurisdiction does not apply. See id. at 694 (federal courts routinely invoke exception in diversity cases which involve domestic disputes).

[13] Under Kansas law, lawsuit settlement payments are generally considered marital property subject to division. See In re Marriage of Smith, 2014 WL 3907092, 330 P.3d 441, at *3 (Kan. Ct. App. 2014); In re Marriage of Powell, 13 Kan. App. 2d 174, 180, 766 P.2d 827 (1988), rev. denied 244 Kan. 737 (1989).

proceeding is motivated by a desire to harass or is conducted in bad faith, or where a challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." Huffman v. Pursue, 420 U.S. 592, 611 (1975) (internal citations omitted). Plaintiff does not allege extraordinary circumstances. Because the three Younger elements are satisfied and no exception applies to the facts of this case, the Court finds that abstention under Younger is appropriate and sustains defendants' motions to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Margaret Lowe's Motion To Direct Funds To Johnson County, District Court And Stay/Dismiss Interpleader (Doc. #37) filed February 9, 2024 is **SUSTAINED.**

**IT IS FURTHER ORDERED** that David R. Smith, P.C., Yonke Law, LLC, And Daniel H. Lowe's Joint Motion To Dismiss Or Stay For Lack Of Subject Matter Jurisdiction (Doc. #56) filed February 27, 2024 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that David R. Smith, P.C., Yonke Law, LLC, And Daniel H. Lowe's Unopposed Motion To Seal Exhibits (Doc. #63) filed March 4, 2024 is **OVERRULED as moot**.

**The Court directs the Clerk to dismiss the case and transfer the interpleader funds to the registry of the District Court of Johnson County, Kansas.**

Dated this 27th day of March, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge